United States District Court
Southern District of Texas
**ENTERED**
January 08, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHANNAN RENEACE SOWARD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-5325 |
| § | |
| ANDREW FOULDS AND THE § | |
| CITY OF ROSENBERG, § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 7). Having considered the motion, submissions, and applicable law, the Court determines that the pending motion should be granted.

## I. BACKGROUND

This is a dispute stemming from a traffic stop conducted by a City of Rosenberg Police Officer. On September 12, 2025, *pro se* Plaintiff Shannan Reneace Soward ("Soward") was stopped by Defendant Andrew Foulds, a police officer with Defendant City of Rosenberg, Texas. Defendants contend that Soward was stopped for failure to signal a lane change and not yielding to an emergency vehicle. During the traffic stop, Officer Foulds issued Soward a traffic citation for a violation of the Texas Transportation Code by failing to yield to an emergency vehicle and requested

Soward's signature on the citation. In doing so, Officer Foulds stated that signing was "not an admission of guilt, just a promise to appear."[1] Soward alleges that Officer Foulds "coerced Plaintiff's signature under threat of arrest, falsely reported her refusal, and erased her signature."[2] Soward further alleges that she "experienced fear, intimidation, emotional distress, and anxiety as a result of Officer Fould's threats of arrest, coercion, and falsification of records during the traffic stop."[3]

Based on the foregoing, on November 4, 2025, Soward filed suit in this Court against the City of Rosenberg, Texas, and police officer Andrew Foulds, asserting claims for violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983. Soward seeks a total of $125,000.00 in damages for "emotional distress, reputational injury, legal costs, [] deprivation of constitutional rights, and punitive damages."[4] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On December 12, 2025, Defendants filed a motion to dismiss Soward's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[5] Soward

---

[1] *Plaintiff's Complaint*, Document No. 1 at 7.

[2] *Plaintiff's Complaint*, Document No. 1 at 3.

[3] *Plaintiff's Complaint*, Document No. 1 at 5.

[4] *Id.*

[5] *See Defendant's Rule 12(b)(6) Motion to Dismiss*, Document No. 9 at 1–30.

did not respond to the pending motion to dismiss within either the original response date required under the federal rules of civil procedure, or the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point

of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendants move to dismiss Soward's complaint, contending that Soward fails to state a claim upon which relief can be granted. Soward did not respond to the motion to dismiss, failing to rebut or offer evidence to counter any of Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. *See* S.D. Tex. Local R. 7.4. Regardless of Soward's failure to respond to the pending motion to dismiss, the Court will consider the merits of Soward's complaint and each claim Defendants contend should be dismissed.

Defendants primarily contend that Soward fails to allege facts which show a plausible claim against Officer Foulds. The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. CONST. AMEND. IV. Traffic stops are deemed seizures for the purposes of the Fourth Amendment. *See United States v. Valadez*, 267 F.3d 395, 397 (5th Cir. 2001). The legality of a traffic stop is analyzed under the framework articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). To evaluate whether a Fourth Amendment violation occurred during a traffic stop, courts first ask, "whether the officer's action was justified at its inception," and then, "whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." *United States v. Brigham*, 382 F.3d 500, 506

(5th Cir. 2004) (en banc). "For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity ... [has] occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). In evaluating an officer's actions during a traffic stop, the Court considers "the facts and circumstances of each case, giving due regard to the experience and training of the law enforcement officers, to determine whether the actions taken by the officers, including the length of the detention were reasonable under the circumstances. *United States v. Brigham*, 382 F.3d at 507.

Here, Defendants contend that Soward's complaint makes clear that Officer Foulds was justified in stopping Soward and acted reasonably during the course of the stop given the circumstances. A review of the record in this case shows that Officer Foulds observed Soward changing lanes of traffic without signaling continuously. Officer Foulds further observed Soward's failure to yield the right of way to Officer Foulds' emergency police vehicle. Defendants contend that these observations supported Officer Foulds' reasonable suspicion to stop Soward's vehicle and investigate the suspected violation of Texas Transportation Code § 545.156, which requires drivers to yield to authorized emergency vehicle and immediately drive as close as possible to the curb. *See* Tex. Trans. Code § 545.156. Soward offers no rebuttal. A review of Soward's complaint shows no alleged facts

showing reasonable suspicion was lacking for Officer Foulds' vehicle stop. Accordingly, the Court determines that Officer Foulds' maintained the requisite reasonable suspicion to stop Soward's vehicle. The Court will now consider whether Officer Foulds' actions during the traffic stop were reasonable under the circumstances.

Defendants contend that Officer Foulds correctly informed Soward of the consequences of failing to comply with the Texas Transportation Code, issuing her a citation for Soward's alleged violation of Tex. Trans. Code § 545.156. A review of Soward's complaint reveals her only allegation of wrongdoing stems from Officer Foulds' request for Soward to sign the citation, in which he stated Soward's signature was "not an admission of guilt, just a promise to appear."[6] Soward further asserts grievances with Officer Foulds' decision to inform Soward that she would be arrested unless she signed the traffic citation promising to appear or otherwise resolve the infraction. Having considered the pending motion, submissions, and applicable law, the Court finds that Soward has not shown that Officer Foulds' was unreasonable in executing the traffic stop underlying this matter or that his actions violated her Fourth or Fourteenth amendment rights. Accordingly, the Court finds that Soward's claims against Officer Foulds should be dismissed for failure to state

---

[6] *Plaintiff's Complaint*, Document No. 1 at 7.

a claim upon which relief can be granted. Furthermore, considering the Court's finding that Officer Foulds did not violate Soward's constitutional rights, the Court finds that Soward's claims against the City of Rosenberg should also be denied

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 7) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Shannan Reneace Soward's claims against all Defendants are **DISMISSED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this __8__ day of January, 202\6.

DAVID HITTNER
United States District Judge

7